Stephen T. Adams, Counsel Blue Valley Recreation Commission 40 Corporate Woods, Suite 1200 9401 Indian Creek Parkway Overland Park, Kansas 66210
Dear Mr. Adams:
As counsel for the Blue Valley recreation commission you request our opinion on the notification requirements of the Kansas open meetings act (KOMA), K.S.A. 75-4317 et seq. You specifically ask that we address the following questions:
"1. Whether a recreation commission is required to give notice of meetings of the various committees of the commission to individuals who have requested only notice of the commission's meetings.
"2. Whether a recreation commission is required to give notice of meetings of the commission to an individual who has requested notice only of one or more specific committee meetings.
"3. Whether a recreation commission is required to give notice of all committee meetings to an individual who requests notice of a specific committee's meetings."
You note that the recreation commission exists pursuant to K.S.A. 12-922 et seq. The KOMA applies to "all legislative and administrative bodies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds. . . ." K.S.A. 75-4318(a). Thus, the KOMA applies to a recreation commission created pursuant to this statutory act and to any subordinate group created by such a recreation commission. See Attorney General Opinion No. 93-73. If the KOMA applies to an entity, be it the recreation commission or a subordinate group created by the commission, the terms of that act must be followed by that entity.
The KOMA applies when there are meetings of public bodies subject to the act. Meetings are defined by K.S.A. 1994 Supp. 75-4317a
and occur whenever there is "any gathering, assembly, telephone call or any other means of interactive communication by a majority of a quorum of the membership of a body or agency subject to this act for the purpose of discussing the business or affairs of the body or agency." Thus, each gathering, communication and membership must be examined to determine if a meeting of the body will occur.
You note that some of the commission's committees include members who are also recreation commission members. Therefore, some meetings of the committees may conceivably consist of a majority of a quorum of both committee and commission members. If the committee in question is a subordinate group formed by the recreation commission, its own meetings are subject to the KOMA and its own membership must be examined to determine if a majority of a quorum of a committee is present. Membership on a committee does not negate commission membership. There is the potential that a commission meeting may also occur if enough commission members are present and participate in a committee meeting. It is also possible that one committee meeting involves a simultaneous meeting and another committee.
Once a determination has been made that a meeting of a public body subject to the KOMA will occur, the next issue becomes one of KOMA compliance. The KOMA basically requires two main things: (1) Openness of meetings, as set forth by K.S.A. 75-4318(a) and (2) notice of meetings to those requesting such notice, as set forth by K.S.A. 75-4318(b). The primary focus of your questions is notice.
K.S.A. 75-4318(b) states in pertinent part:
 "Notice of the date, time and place of any regular or special meeting of a public body designated hereinabove shall be furnished to any person requesting such notice. . . ."
Thus, if there is a meeting of a body subject to the KOMA, and if notice of such meetings has been requested, notice must be provided to those requestors. Determining whether a meeting of a specific body will actually occur, and the extent and scope of each request for notification, are very fact specific issues which cannot be answered in the abstract. However, based upon the discussion herein we offer the following advice:
1. Notice of recreation commission meetings should be provided to persons who have requested notice of recreation commission meetings any time there is a meeting of a majority of a quorum of the commission members for the purpose of discussing commission business. The elements of K.S.A. 1994 Supp. 75-4317a should be examined to determine if a commission meeting is contemplated. If a majority of a quorum of the commission also attends and discusses business as part of a group subordinate to the commission, a meeting of the commission occurs and notification requirements are triggered with regard to requests for notice of commission meetings.
2. If a request is made just for notice of a committee's meetings, the terms of the request should be met. However, there is no need to exceed the scope of the request for notice nor is there an automatic right to notice of meetings held by the parent body of a subordinate group.
3. If a request is made for notice of one committee's meetings, it does not trigger a requirement for notification of meetings of other committees unless the committees' members overlap such that a majority of a quorum of the requested committee is present and the business of that committee is discussed.
The terms of each request will dictate in part the extent of duty owed to a requestor. If a public body is not clear as to the scope and extent of the request for notice, it may want to seek clarification from the requestor so as to avoid future misunderstandings. Alternatively, the public body may choose to err on the side of providing more notice than is required. In any event, notice is required to the extent it has been requested and a meeting occurs.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm